# EXHIBIT

# A-1

DATE FILED: August 18, 2016 9:48 AM
FILING ID: 1C19EF6E1F3ED
CASE NUMBER: 2016CV30921

**DISTRICT COURT, BOULDER COUNTY**,
STATE OF COLORADO
1777 6th St.
Boulder, CO 80306

Plaintiff: **CHRISTY CROASDELL & JOSHUA CROASDELL,**

v.

Defendant: **GEICO CASUALTY COMPANY**

**Court Use Only**

*Attorney for Plaintiff:*

Matthew S. Shows, Esq., #39863
**The Paul Wilkinson Law Firm, LLC**
3900 E. Mexico, Suite 500
Denver, Colorado 80210
Telephone: (303) 333-7285
Facsimile: (303) 756-1878 (Not Designated)

Case Number:

Div.:          Ctrm.:

This case is NOT subject to the simplified procedure for court actions under Rule 16.1 because:
☐ This is a class action, domestic relations, juvenile, mental health, probate, water law, forcible entry and detainer, Rule 106 and 120, or other similar expedited proceeding [see C.R.C.P. 16.1(b)(1)]
***and/or***
☒ Claims against any party exceed $100,000.00
[see C.R.C.P. 16.1(b)(2) and (c)].

## COMPLAINT

COMES NOW, Plaintiffs Christy Croasdell and Joshua Croasdell (hereinafter "Plaintiffs"), by and through counsel, The Paul Wilkinson Law Firm, LLC, for their Complaint for damages, state and allege as follows:

### PARTIES

1.      At the time of the collision the Plaintiffs resided in Castle Rock, Douglas County, state of Colorado.

2. Upon information and belief, at all times relevant hereto, Defendant GEICO Casualty Company (hereinafter "GEICO") is a foreign corporation licensed to do business, and doing business in the State of Colorado.

3. On or about December 20, 2015, Plaintiffs were involved in a motor vehicle collision with Ricky Roybal-Smith (hereinafter, "Mr. Roybal-Smith") at or near the intersection of S. Santa Fe Drive and Oxford Avenue, in the city of Sheridan, County of Arapahoe, state of Colorado.

4. Venue is proper in this action pursuant to C.R.C.P. 98(c)(1).

## GENERAL ALLEGATIONS

5. On June 6, 2015, Christy Croasdell and her husband, John Croasdell, entered into a contract with GEICO for automobile insurance. This policy provided for underinsured motorist (elsewhere "UIM") coverage in the amount of $25,000 per person, $50,000 per incident.

6. At that time, and at all times relevant hereto, John Croasdell and Christy Croasdell were each a "Named Insured" under the GEICO policy. Joshua Croasdell was an "Additional Driver" under the GEICO policy.

7. Subsequently, on June 10, 2015, John Croasdell logged on to the GEICO website to update and revise the insurance policy with GEICO. At that time, John Croasdell rejected UIM coverage for himself. However, Mrs. Croasdell had no knowledge of John Croasdell's actions on June 10, 2015, and never provided express approval for John Croasdell to reject UIM coverage on her behalf.

8. As Mr. Roybal-Smith approached a red light on Santa Fe Avenue and W. Oxford Avenue, he collided with the rear end of the Plaintiffs' vehicle, a GMC Yukon, at approximately double the posted speed limit.

9. The force of the collision caused the Plaintiffs' Yukon to collide with the rear end of another vehicle, a red pickup truck demolishing each vehicle involved in the collision.

10. Plaintiffs were severely injured in this collision, suffering broken bones as well as other injuries, damages and losses.

11. On information and belief, local law enforcement was attempting to affect a traffic stop with Mr. Roybal-Smith in the moments leading up to the collision with Plaintiffs.

2

12.    Mr. Roybal-Smith carried a state minimum limit of $25,000 per person, $50,000 per occurrence. The Plaintiffs injuries, damages and losses clearly exceeded Mr. Roybal-Smith's policy limits and those limits were tendered to the Plaintiffs.

13.    GEICO consented to the settlement agreement between Mr. Roybal-Smith, Mr. Roybal-Smith's automobile insurance carrier, and the Plaintiffs.

14.    Subsequently an insurance claim for UIM and medical-payments coverage was opened with GEICO.  On January 28, 2016, GEICO issued a denial of coverage letter to John Croasdell and Christy Croasdell stating that there was no underinsured motorist coverage on the policy, nor was there any medical payments coverage.

15.    On February 19, 2016, GEICO reiterated the UIM and medical payments coverage denial, and maintained its position that John Croasdell rejected UIM coverage for Mrs. Croasdell on June 10, 2015.

16.    GEICO subsequently retained an attorney from Texas, Meloney Perry, to reiterate GEICO's denial of coverage.  In her denial letter, Ms. Perry cited to the 2014 case of *Johnson v. State Farm*, which holds that "the decision of one named insured to waive UM/UIM coverage binds others who are named insured … on the same policy only if the other [named insureds] expressly authorized such a decision." 2014 COA 135, ¶ 3. Despite the holding of the *Johnson* case, Ms. Perry and GEICO again reiterated the denial of coverage.

17.    Mrs. Croasdell and John Croasdell each signed Affidavits, dated April 14, 2016, stating that John Croasdell never received express approval from Mrs. Croasdell to remove UIM coverage on her behalf.

18.    Ms. Perry was sent the affidavits. Ms. Perry in conjunction with GEICO doubled down on the coverage decision and maintained the denial, despite having law contrary to its coverage decision at the time of the coverage denial, as well as no other evidence or reason to suspect that Christy Croasdell had given express approval to John Croasdell to remove the UIM coverage from the policy.

19.    GEICO's position that it is entitled to deny UIM coverage, despite clear case law to the contrary, constitutes an unreasonable denial as set forth in C.R.S. §§ 10-3-1115 and 10-3-1116.  GEICO's denial was unreasonable in that it was contrary to existing Colorado law at the time of the coverage decision.

20.    GEICO has no reasonable basis upon which to deny UIM or medical payments coverage to Mrs. Croasdell or Joshua Croasdell.

21.     GEICO knew or recklessly disregarded the unreasonableness of its actions. GEICO was aware of the holding in *Johnson v. State Farm, supra*, but still denied the claim despite having knowledge that the previous denial was improper.

### FIRST CLAIM FOR RELIEF
### BREACH OF INSURANCE CONTRACT/
### UNINSURED/UNDERINSURED MOTORIST COVERAGE
*Against Defendant GEICO*

22.     Plaintiffs herewith adopt, re-allege, and incorporate by reference paragraphs 1 – 21 above and as further grounds for their cause of action against GEICO state as follows:

23.     At all times material hereto, and at the time of the incident complained of, GEICO was a foreign corporation, authorized to do and doing business in the State of Colorado.

24.     At all times material hereto, and at the time of the incident complained of, the Plaintiffs were insured under a Colorado auto insurance policy issued by Defendant GEICO.

25.     Upon information and belief, said policy contained within it a "direct action clause and/or in the alternative provided for the filing of this action."

26.     Plaintiffs' insurance policy provided for uninsured and underinsured benefits to be made available to Plaintiffs which policy is believed to be in the possession of Defendant GEICO and which policy was in full force and effect on the date of the motor vehicle collision.

27.     At all times material hereto, and at the time of the incident complained, said insurance policy was in full force and effect and provided for uninsured and underinsured motorist benefits to Plaintiffs.

28.     During the duration of this clause, contract, and/or policy, the subject vehicle collision occurred with resulting injuries as set forth herein.

29.     The subject collision gives rise to the payment of benefits for injuries suffered in the collision caused by Mr. Roybal-Smith.

30.     As of the time of filing this complaint, Defendant GEICO has failed and/or refused to pay benefits pursuant to the uninsured/underinsured benefits available and as such has required the filing of this action.

31.     Further, during the duration of the clause, contract, and/or policy of insurance providing Plaintiffs with uninsured/underinsured benefits, and on the date of the

incident complained of, Mr. Roybal-Smith, which driver is deemed an underinsured motorist, did carelessly, negligently and recklessly operate his motor vehicle so as to collide with great force and violence against a vehicle lawfully operated by the Plaintiffs.

32.    Mr. Roybal-Smith's negligence and actions were the direct and proximate cause of the Plaintiffs' severe, permanent, and disabling injuries of body and mind, as are herein further described.

33.    At all times material hereto and at the time of the incident complained of, the Plaintiffs, as the driver of the vehicle operated in a reasonable and safe fashion, such that the Plaintiffs did not cause or contribute to cause the motor vehicle collision. As such, the Plaintiffs committed no violation of law or act of negligence and are in no matter guilty of negligence or comparative negligence.

## SECOND CLAIM FOR RELEIF
## Violation of C.R.S. § 10-3-1115
### *Against Defendant GEICO*

34.    Plaintiff incorporates herein by reference each allegation contained in paragraphs 1-33 above.

35.    Defendant has unreasonably delayed and/or denied payment of benefits to Plaintiffs pursuant to a policy of insurance it sold to the Plaintiffs which was in full force and effect on the date of the loss, as described above.

36.    As a result of Defendant's unreasonable delay and denial of Plaintiffs' rightful claims, the Plaintiff is entitled to the statutory remedy provided for in Article 10 of the Colorado Revised Statutes.

## THIRD CLAIM FOR RELIEF
## Bad Faith Breach of an Insurance Contract
### *Against Defendant GEICO*

37.    Plaintiff hereby incorporates by reference all prior allegations contained herein.

38.    Defendant acted in bad faith and acted unreasonably by denying coverage to the Plaintiff and either knew it was acting unreasonably or recklessly disregarded that fact.

39.    As a result of Defendants conduct, Plaintiff suffered injuries, damages and losses.

**WHEREFORE**, Plaintiff request that judgment be entered in favor of the Plaintiff and against the Defendants, in an amount to fairly compensate him for the injuries as set forth above,

court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper and / or Plaintiff prays for the following relief:

a.  For an amount which will reasonably compensate the Plaintiff for past, present and future economic loss;

b.  For an amount which will reasonably compensate the Plaintiff for medical expenses, past and future;

c.  For an amount which will reasonably compensate the Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;

d.  For an amount which will reasonably compensate the Plaintiff for pain and suffering, past and future;

e.  For an amount which will reasonably compensate the Plaintiff for loss of enjoyment of life and / or the capacity of life;

f.  For damages pursuant to § 10-3-1116, C.R.S., including attorney's fees, costs, interest and any and all statutory penalties.

g.  For interest as provided by Statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any further relief as the Court may deem just.

Respectfully submitted this 18th day of August, 2016.

**The Paul Wilkinson Law Firm, LLC**

*/s/ Matthew S. Shows*

*This pleading was filed electronically pursuant to Rule 121 § 1-26, and the original signed pleading is on file in counsel's office.*

Plaintiff's Address:
C/O The Paul Wilkinson Law Firm, LLC
3900 E. Mexico Avenue
Suite 500
Denver, CO 80210